BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

JUL 25 1973

PATRICIA D. HOWARD

IN RE MUTUAL FUND SALES ) DOCKET NO. 135
ANTITRUST LITIGATION )

OPINION AND ORDER
---

BEFORE ALFRED P. MURRAH*, CHAIRMAN, AND JOHN MINOR WISDOM,
EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER*,
JOSEPH S. LORD, III, AND STANLEY A. WEIGEL, JUDGES OF THE PANEL

---

PER CURIAM

In December 1972 plaintiff Haddad filed a treble damage action in the District of Columbia alleging that defendants had violated the federal antitrust laws by combining and conspiring to restrain trade in the purchase and sale of mutual fund securities; to keep the prices of such securities at artificial and non-competitive levels; and to prevent the development of secondary dealer and brokerage markets in those securities. Plaintiff Haddad purports to represent all purchasers of capital stock of any load mutual fund. In February 1973 the United States brought a civil antitrust enforcement action in the District of Columbia against the National Association of Securities Dealers and others. Like the Haddad action, the United States' complaint contains allegations of combinations and conspiracies among the defendants to violate the Sherman Act by preventing and restraining the trade

---

    * Although Judges Murrah and Becker were not present at
      the hearing, they have, with the consent of all parties,
      participated in this decision.

of mutual fund shares in a secondary market. Subsequent to the filing of the government action, numerous other private treble damage actions alleging antitrust violations similar to those alleged in the Haddad and government actions were brought against substantially the same defendants. Plaintiffs in these additional actions also purport to represent classes of investors in load mutual funds.

There are presently 23 private civil actions pending in the Southern District of New York and two in the District of Columbia. The broker-dealer defendants named in the Haddad action move the Panel for an order transferring all of the private actions to the District of Columbia for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407. All parties except certain New York parties agree that transfer of all actions to the District of Columbia is appropriate. We find that these actions involve common questions of fact and that transfer to the District of Columbia will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

The New York parties who oppose transfer assert that the conspiracies alleged in their actions are entirely separate from the single conspiracy alleged in the Haddad action in the District of Columbia and, consequently, involve different questions of fact. We disagree. The conspiracy alleged in Haddad is industry-wide in scope and, a fortiori, encompasses the various conspiracies alleged in the other private actions. As a result, there are questions of fact common to all actions, making transfer

necessary in order to avoid duplication of discovery.

In addition, plaintiff Haddad seeks to represent a class which encompasses the same classes that New York plaintiffs seek to represent. And we have frequently held that the possibility for conflicting class determinations under Rule 23 of the <u>Federal Rules of Civil Procedure</u> is an important factor favoring transfer of all actions to a single district. See <u>In re Public Air Travel Tariff Litigation</u>, ___ F. Supp. ___ (J.P.M.L., filed July 3, 1973); <u>In re Career Academy Antitrust Litigation</u>, 342 F. Supp. 753, 754 (J.P.M.L. 1972). Furthermore, there are two preliminary questions common to all actions in this litigation: whether the alleged acts complained of by plaintiffs are exempt from the antitrust laws by operation of the Securities Exchange Act of 1934 or the Investment Company Act of 1940; and whether the doctrine of primary jurisdiction is applicable. Transfer of all actions to a single district for coordinated or consolidated pretrial proceedings, therefore, will eliminate the potential for inconsistent pretrial rulings on these common issues. See <u>In re Plumbing Fixtures</u>, 298 F. Supp. 484, 490-92 (J.P.M.L. 1968).

Although certain parties favor the Southern District of New York as the transferee district, we find that the District of Columbia is clearly the most appropriate forum for this litigation. Both the government enforcement action and the <u>Haddad</u> action are assigned to the Honorable Howard F. Corcoran in the District of Columbia. While we cannot transfer the government action or order it included in coordinated or consolidated pretrial proceedings, 28 U.S.C. §1407(g), we think that judicial

- 4 -

efficiency would be promoted by having all actions under the supervision of the same judge. See In re Ampicillin Antitrust Litigation, 315 F. Supp. 317, 319 (J.P.M.L. 1970). Moreover, pretrial proceedings on the preliminary issues of primary jurisdiction and exemption from the antitrust laws have already commenced and are progressing expeditiously in the District of Columbia. Furthermore, many of the relevant documents and expected witnesses are located in the District of Columbia and the majority of the parties favor that district as the transferee forum.

IT IS THEREFORE ORDERED that the actions listed on the attached Schedule A be, and the same hereby are, transferred to the District of Columbia and, with the consent of that court, assigned to the Honorable Howard F. Corcoran for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407.

SCHEDULE A

DOCKET NO. 135

SOUTHERN DISTRICT OF NEW YORK

| Case | Docket |
|---|---|
| Elsie Saplin & Bernard Saplin v. Merrill Lunch, Pierce, Fenner & Smith, Inc., et al. | Civil Action No. 73 Civ. 828 |
| Jean L. Freed, etc. v. Vance Sanders & Company, Inc., et al. | Civil Action No. 73 Civ. 895 |
| Seymour Rogovin, et al v. Wellington Management Company, et al. | Civil Action No. 73 Civ. 909 |
| Samuel R. Siegel U/S/E Retirement Plan, et al. v. The Dreyfus Corp., et al. | Civil Action No. 73 Civ. 984 |
| John Wion v. Union Service Distributor, Inc., et al. | Civil Action No. 73 Civ. 949 |
| Newton H. Kaplan v. Putnam Management Co., et al. | Civil Action No. 73 Civ. 1003 |
| Jerry Zolo & Eileen Zolo v. Arnold Bernhard & Co., Inc., et al. | Civil Action No. 73 Civ. 1004 |
| Ella Gifford v. Anchor Corp., et al. | Civil Action No. 73 Civ. 1257 |
| Robert Markewich, etc. v. Wellington Management Co. | Civil Action No. 73 Civ. 1312 |
| Roger Goetzel v. Fidelity Management & Research Co., et al. | Civil Action No. 73 Civ. 1317 |
| Morris Greenspan & Bernard Greenspan, etc. v. National Securities & Research Corp., et al. | Civil Action No. 73 Civ. 1354 |
| Samuel Tisser v. Anchor Growth Fund, et al. | Civil Action No. 73 Civ. 1355 |
| Lewis Gurkin v. Thorndike, Doran, Paine & Lewis, Inc., et al. | Civil Action No. 73 Civ. 1364 |
| Robert Markewich, etc. v. Vance, Sanders & Co., Inc., et al. | Civil Action No. 73 Civ. 1370 |
| Ann Brunell v. Shareholders Management Co., et al. | Civil Action No. 73 Civ. 1496 |
| Robert Markewich, etc. v. Lord, Abbett & Co., et al. | Civil Action No. 73 Civ. 1452 |
| Robert Markewich, etc. v. Continental Investment Corp., et al. | Civil Action No. 73 Civ. 1503 |

SCHEDULE A                                            DOCKET NO. 135

### SOUTHERN DISTRICT OF NEW YORK (Continued)

| | |
|---|---|
| A. Edward Morrison v. Keystone Custodian Funds, Inc. | Civil Action No. 73 Civ. 1504 |
| Harry Kurach v. Howard Stein, et al. | Civil Action No. 73 Civ. 1516 |
| A. Edward Morrison v. F. Eberstadt & Co., et al. | Civil Action No. 73 Civ. 1568 |
| A. Edward Morrison v. Union Service Distributor, et al. | Civil Action No. 73 Civ. 1607 |
| A. Edward Morrison v. Enterprise Fund Inc., et al. | Civil Action No. 73 Civ. 1643 |
| Jack Gluck, et al. v. E. W. Axe & Co., et al. | Civil Action No. 73 Civ. 1254 |

### DISTRICT OF COLUMBIA

| | |
|---|---|
| Genevieve M. Haddad, etc. v. The Crosby Corp., et al. | Civil Action No. 2454-72 |
| Arthur Gross, et al. v. National Association of Securities Dealers, et al. | Civil Action No. 426-73 |